Arnold MARSHEL, Plaintiff,

v.

AFW FABRIC CORP., Concord Fabrics, Inc., Alvin Weinstein and Frank Weinstein, Defendants.

Guy MICHAELS, Plaintiff,

v.

Alvin WEINSTEIN, Frank Weinstein, AFW Fabric Corp. and Concord Fabrics, Inc., Defendants.

Jesse KRAUSE, Plaintiff,

v.

CONCORD FABRICS, INC., AFW Fabric Corp., Alvin Weinstein and Frank Weinstein, Defendants.

No. 75 Civ. 1018 (LFM).

United States District Court, S. D. New York.

Dec. 1, 1977.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for defendants AFW Fabric Corp., Alvin Weinstein and Frank Weinstein by Kurt J. Wolff, Daniel Wallen and Walter B. Klasson, New York City.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Concord Fabrics, Inc. by Milton Sherman, New York City.

Rubin, Baum, Levin, Constant & Friedman, New York City, for plaintiff Marshel by Martin A. Coleman, New York City.

## OPINION

MacMAHON, District Judge.

Defendants move, pursuant to Rule 12(b), Fed.R.Civ.P., to dismiss plaintiffs' consolidated amended complaint and the underlying constituent complaints for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

With respect to the alleged violations of the federal securities laws, we noted in our opinion denying preliminary injunctive relief (*Marshel v. AFW Fabric Corp.*, 398

F.Supp. 734, 736 (S.D.N.Y.1975)), that the attempted tender offer and merger were undertaken for the sole purpose of returning Concord Fabrics, Inc. to private ownership. We held that this fact was fully and adequately disclosed and thus plaintiffs' wholly conclusory allegations of misrepresentation and nondisclosure in connection with the transaction were legally insufficient.

 While the Court of Appeals reversed our determination (*Marshel v. AFW Fabric Corp.*, 533 F.2d 1277 (2d Cir. 1976)), the subsequent Supreme Court decision in an analogous action involving a "short form" merger transaction (*Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977)), leaves little doubt that the allegations of fraud in this action are not cognizable under the antifraud provisions of the federal securities laws. The Court in *Santa Fe Indus., Inc.*, relying on *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), noted that Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder only proscribe conduct which "can be fairly viewed as 'manipulative or deceptive'" and that where, as here, there exist no material misrepresentations or material non-disclosures and shareholders have the state remedy of appraisal, Section 10(b) and Rule 10b–5 have not been violated.

While the attempted tender offer has been withdrawn, plaintiffs seek to segregate it from the overall going-private transaction and allege that it was violative of Sections 13 and 14 of the Exchange Act. Aside from the fact that plaintiffs have asserted no more than conclusory allegations of damages which flowed from the aborted tender offer, we find that the principles enunciated in *Santa Fe Indus., Inc.* are equally as applicable to fraud claims cast under those sections as they are to the claims couched in 10b–5 language. See *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579, 605 (5th Cir.), *cert. denied*, 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 113 (1974); *Chris–Craft Indus., Inc. v. Piper Aircraft Corp.*, 480 F.2d 341, 362 (2d Cir.), *cert. denied*, 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973); *Billet v. Storage Technology Corp.*, 72 F.R.D. 583 (S.D.N.Y.1973). See also *Corenco Corp. v. Schiavone & Sons, Inc.*, 488 F.2d 207 (2d Cir. 1973); *Commonwealth Oil Refining Co. v. Tesoro Petroleum Corp.*, 394 F.Supp. 267 (S.D.N.Y.1975).

Since the federal claims are legally insufficient, we decline to retain jurisdiction over the remaining pendent state law claims. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Accordingly, defendants' motion to dismiss plaintiffs' consolidated amended complaint and the underlying constituent complaints is granted.

So ordered.