**Barry L. SWIFT, Plaintiff,**

v.

**AFW FABRIC CORP., Concord Fabrics, Inc., Alvin Weinstein and Frank Weinstein, Defendants.**

No. 75 Civ. 1465 (LFM).

United States District Court, S. D. New York.

Dec. 1, 1977.

Otterbourg, Steindler, Houston & Rosen, P. C., New York City, for defendants AFW Fabric Corp., Alvin Weinstein and Frank Weinstein by Kurt J. Wolff, Daniel Wallen and Walter B. Klasson, New York City.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Concord Fabrics, Inc. by Milton Sherman, New York City.

Lipper, Lowen & Dannenberg, Burton L. Knapp, New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendants move, pursuant to Rule 12(b)(6), Fed.R.Civ.P., for an order dismissing this action for failure to state a claim upon which relief can be granted.

This action, unlike the related and consolidated actions in *Marshel v. AFW Fabric Corp., Michaels v. Weinstein,* and *Krause v. Concord Fabrics, Inc.,* D.C., 441 F.Supp. 299, alleges diversity jurisdiction and only purports to state claims founded upon the laws of the State of New York. In denying plaintiffs' application for a preliminary injunction, we held that "[w]here a merger is to be accomplished in accordance with statutory proceedings, as here, appraisal is the only remedy to dissenting shareholders." *Marshel v. AFW Fabric Corp.,* 398 F.Supp. 734, 739 (S.D.N.Y.1975). While the Court of Appeals reversed this ruling, it addressed only the alleged violations of federal securities laws asserted by the other plaintiffs

and expressly declined to rule on the state law issues. See *Marshel v. AFW Fabric Corp.,* 533 F.2d 1277, 1280 (2d Cir. 1976).

The United States Supreme Court effectively overruled the Court of Appeals' decision in a similar action involving a "short form" merger. See *Santa Fe Indus., Inc. v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). The concurring opinion of Mr. Justice Stevens in *Santa Fe* is supportive of our holding that the shareholders' exclusive remedy in this transaction is appraisal. He noted that "the controlling stockholders in this case did not breach any duty owed to the minority shareholders because (a) there was complete disclosure of the relevant facts, and (b) the minority are entitled to receive the fair value of their shares." *Santa Fe Indus., Inc. v. Green, supra,* 430 U.S. at 481, 97 S.Ct. at 1304.

Plaintiff's conclusory allegations of fraud pale in the light of the full disclosure of material facts set forth in the proxy materials. Moreover, the planned merger was to be consummated in accordance with the New York statutory procedures. We cannot, as plaintiff seems to urge, substitute our judgment for that of the legislature and find that despite full disclosure and adherence to the statutory scheme, defendants are subject to an action on plaintiff's nebulous claims of fraud and breach of fiduciary duty.

Accordingly, we find that the complaint fails to state a claim upon which relief can be granted and therefore dismiss this action.

So ordered.