**MILLS MUSIC, Inc. v. CROMWELL MUSIC, Inc.**

United States District Court
S. D. New York.
Feb. 20, 1953.

Zissu & Marcus, New York City (Abraham Marcus, New York City, of counsel), for plaintiff.

Miller & Miller, New York City (Morton Miller and Meyer Schwartz, New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion by the defendant for an order compelling the witness, Leonard Zissu, to answer questions propounded to him on his deposition and to be propounded to him in further deposition.

The action is one for infringement of copyright in connection with a musical composition. The defendant has counterclaimed for infringement of its own purported copyright and for unfair competition.

It appears to be a reasonable inference from the circumstances described that Zissu was the main functionary in the negotiations leading up to the plaintiff's acquisition of the song for publication and copyright. He seems to have brought all the various interests together.

Zissu is one of the attorneys for the plaintiff in this action. Nevertheless, defendant sought to examine him before trial but its efforts were met by objections of plaintiff's co-counsel and Zissu's refusals to answer certain questions.

The objections and refusals are based on the following grounds:

1. Where defendant has the opportunity to examine a witness other than Zissu familiar with the circumstances, it may not inquire of Zissu.

2. Such questions constitute an invasion of privacy as an attorney and the freedom of preparation of a case.

3. Such questions involve the work product of an attorney.

4. Such questions violate the attorney-client privilege.

Examples of the inquiries to which some or all of the objections were raised are as follows:

"Q. Tell us the circumstances of the visit of Mr. Julius Grossman, please?"

Grounds for objection 1, 2 and 3 were given for this question.

It appears that Grossman is co-composer of the song and that Zissu introduced him to plaintiff.

"Q. When did you first have contact with Mr. Buzzell?"

Grounds for objection 1 to 4 were given for this question.

It appears that Mr. Buzzell is plaintiff's regular attorney.

"Q. When did you first have contact with Mr. Olshansky?"

Grounds for objection 2 and 4 were given for this question.

It appears that Olshansky is attorney for Miron, one of the co-composers of the song.

"Q. Did you have any proprietary interest in this song?"

Grounds for objection 1 to 4 were given for this question and, in addition, that it is immaterial and irrelevant.

The plaintiff contends that Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, sustains these grounds.

It does not. The first sentence of the opinion of the Hickman case shows this.

"This case presents an important problem under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as to the extent to which a party may inquire into oral and written statements of witnesses, or other in-

formation, secured by an adverse party's counsel *in the course of preparation for possible litigation after a claim has arisen.*" 329 U.S. at page 497, 67 S.Ct. at page 387. (Emphasis added.)

None of the information sought by defendant was secured by Zissu in the course of preparation for trial. All of the information relates to circumstances prior to plaintiff's publication and copyright of the song and prior to any claim.

■ Therefore, grounds for objection 1 to 3 have no validity and Zissu stands in the same position as any other witness. .

Section 353 of the Civil Practice Act of New York provides that "An attorney .or counselor at law shall not be allowed to disclose a communication, made by his client to him, or his advice given thereon, in the course of his professional employment * * *."

■ As far as I can discover, Zissu's alleged privilege extends only to Grossman, who may or may not have been his client. But he was not asked to disclose a communication nor his advice concerning Grossman. He also refused to say when he contacted Buzzell. Zissu may not raise privilege against these inquiries, nor may he raise it concerning his contacts with any of the others mentioned. He may refuse to disclose *communications or his advice* only where the attorney-client relationship exists or existed. As a matter of fact it may be that Grossman, if Zissu was actually his lawyer, has waived the privilege by disclosure.

■ If Zissu stands on purported privilege by reason of representing the plaintiff here, he is wrong again, for the privilege does not extend to matters communicated by strangers. The Hickman case alludes to this at page 508 of 329 U.S., at page 392 of 67 S.Ct. in saying: "* * * it suffices to note that the protective cloak of this privilege does not extend to information which an attorney secures from a witness while acting for his client in anticipation of litigation."

I believe the foregoing disposes of ground 4.

■ Finally, since defendant has counterclaimed for infringement and unfair competition, it seems highly relevant to discover his part in the circumstances, to what extent his activities enabled plaintiff to acquire the song, etc.

■ I have read the stenographic minutes of the deposition of the witness. I have studied each question objected to and I am of the opinion each one should have been answered except the question on page 851 which was as follows:

"Q. Was it as the result of your visit with Mr. Grossman that the plaintiff in this action became interested in this song?"

This question is very improper. It calls for the operation of the mind of some one connected with the plaintiff. How could the witness know the answer to this question?

■ Plaintiff also claims that the defendant was attempting to examine the witness about the terms of the witness' retainer agreement with his client, the plaintiff herein. I agree with plaintiff's attorney that discovery proceedings should not go that far. However, I read no such question in the deposition.

There is a question which inquires into the interest of the witness in the song. I do not regard this as in any way an inquiry as to the terms of the witness' retainer. I do think that an inquiry as to when the witness was retained in this case would be proper.

■ I am also asked by this motion to compel the witness to answer further and other questions to be propounded to him. This presents a rather difficult problem. I do not know what other questions will be asked. However, I hope that what I have written may be a guide to the attorneys. I might also add that the Federal rules permit a liberal and wide examination. Contrary to the old rules, "fishing expeditions" are allowed. As to what is relevant the Courts have most liberally construed the discovery

rules. In this connection I suggest a reading of Moore's Federal Practice (Second Edition), page 1064, Par. 26.16 would be helpful.

I see no need for a Special Master.

Motion is granted as indicated.

Settle order.