**Paul J. BOGOSIAN, Plaintiff,**

v.

**GULF OIL CORPORATION et al.,
Defendants.**

**Civ. A. No. 71–1137.**

United States District Court,
E. D. Pennsylvania.

Dec. 7, 1971.

See also D.C., 337 F.Supp. 1230.

David Berger, Herbert B. Newberg, Joseph R. Lally, Philadelphia, Pa. and Harold Brown, Boston, Mass., for plaintiff.

John T. Clary, Philadelphia, Pa., for Shell Oil Co.; William Simon, Howrey, Simon, Baker & Murchison, Washington, D. C., of counsel.

Patrick T. Ryan, Drinker, Biddle & Reath, Philadelphia, Pa., for American Oil Co.

Frederic L. Ballard, Charles I. Thompson, Jr., Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for Atlantic Richfield Co.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa., for Cities Service Oil Co.

Benjamin Quigg, Jr., Peter C. Ward, Morgan, Lewis & Bockius, Philadelphia, Pa., for Humble Oil & Refining Co.

John E. Blay, Philadelphia, Pa., for Mobil Oil Co.

Ralph W. Brenner, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for Phillips Petroleum Co.

J. B. H. Carter, John G. Harkins, Jr., Barbara W. Mather, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sun Oil Co.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., for Texaco, Inc.

Edward W. Mullinix, Arthur Kahn, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Union Oil Co. of Cal.

Hoyt H. Harmon, Jr., Bala-Cynwyd, Pa., for Gulf Oil Corp.; Frederick L. Scofield, F. W. Morgan, New York City, of counsel.

## MEMORANDUM AND ORDER SUR MOTION TO COMPEL DEPOSITION ANSWERS

JOSEPH S. LORD, III, District Judge.

In this antitrust suit, plaintiff, a gas station dealer, has alleged violations of Sections 1 and 2 of the Sherman Act by eleven defendant oil companies. Pursuant to an order of this court, a joint deposition of the plaintiff was taken, with plaintiff as well as each of the defendants being represented by counsel. One of the defendants, Shell Oil Company, has moved to compel answers to certain deposition questions which plaintiff refused to answer on the advice of his counsel.

After a careful reading of plaintiff's deposition, we have decided to deny the motion in all respects. The questions which movant wishes plaintiff to be compelled to answer fall into three categories.

First, those questions concerning the circumstances surrounding the bringing of the present suit, including plaintiff's arrangement with his counsel for bearing the costs of this litigation. Plaintiff has already answered extensive questions regarding his motivation in bringing this suit (T. 142–150, Tr. 51–53, 88),[1] including many regarding the inspiration that sympathetic customers

---

[1]. References to "T" are to the transcript of plaintiff Bogosian's answers on July 7, 1971. References to "Tr." are to the transcript of his testimony on July 8, 1971.

provided him. What Sealey "the garbageman," one of his customers, had to say does not seem relevant or material to the issues in this suit. As to the many questions regarding the financial arrangements between plaintiff and his counsel, they are outside the scope of the discovery provisions of the Federal Rules of Civil Procedure as they are not "relevant to the subject matter involved in the pending action," nor do they appear "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b) (1), F.R.Civ.P.; Mills Music, Inc. v. Cromwell Music, Inc., 14 F.R.D. 411 (S.D.N.Y.1953).

■ Another group of questions to which movant seeks to compel answers deals with plaintiff's net worth and his ability to satisfy a judgment for costs in the event that defendants prevail in this action. These questions also are not proper since they are not relevant to the subject matter of the lawsuit.

■ The final category of questions which plaintiff refused to answer relates, according to movant, to the factual basis of the complaint allegations. Movant is correct in asserting that discovery as to facts pertaining to damages is permissible, as it is one of the relevant issues in the lawsuit. Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449 (1933); 4 Moore, Federal Practice ¶26.-56(5) (1971 ed.).

■ Plaintiff, at his deposition, did answer many questions concerning what he thought to be the nature and extent of his damages. He said that he felt he was damaged in three ways: (1) he was coerced into buying certain products from Gulf, (2) he was pressured by Gulf to keep his station open longer hours than were profitable, and (3) he felt insecure about keeping his station because of the short-term leases which Gulf gave him. When questioned further about these damage claims, plaintiff said that he knew he could have gotten products other than Gulf at cheaper prices, but did not know specific prices of competing products. He also explained that keeping his station open on Sunday was not profitable because the amount of gas sold would not make it worth having to pay an attendant to keep the station open all day. (T. 164–65, Tr. 41–43, 63–70, 166). Plaintiff was justified in refusing to answer further questions as to the amount of damages, and how he would compute damages, as those questions were repetitious, and furthermore, given the economic complexity of antitrust litigation it was unreasonable to expect plaintiff to give more detailed answers. *See* Surowitz v. Hilton Hotels Corporation, 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966).

Finally, we find that plaintiff was justified in refusing to answer questions concerning the factual basis for allegations in his complaint that Gulf's alleged treatment of him was typical of the practices of all eleven defendants. These questions were clearly repetitious, as they were simply another way of framing questions that had been thoroughly answered already. (T. 159, Tr. 71–72, 152–59, 178, 193–94, 198, 204–05, 214–15, 230–31). Therefore, the motion to compel deposition answers is denied.