**William ELSTER, Plaintiff,**

v.

**Thomas W. ALEXANDER et al., Defendants.**

**No. C75–1069A.**

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 23, 1976.

As Amended Dec. 3, 1976.

Edward L. Savell, Savell, Williams, Cox & Angel, Atlanta, Ga., Ira Jay Sands and

Sidney A. Floree, Demov, Morris, Levin & Shein, New York City, for plaintiff.

Ronald L. Reid and Sidney O. Smith, Jr., Alston, Miller & Gaines, Atlanta, Ga., for Price Waterhouse, Inc.

Allen W. Post and Gary Hatch, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for all other defendants.

## ORDER OF COURT

MOYE, District Judge.

This is a class action brought under the Securities and Exchanges Act of 1934 for damages and other relief. The case is presently before the Court pursuant to the Court's orders of January 14, 1976, and February 24, 1976, which conditionally denied defendants' motions to compel discovery.

All defendants, other than Price Waterhouse & Co., filed a motion to compel answers to interrogatories on December 15, 1975; the interrogatories having been filed on July 31, 1975. By order entered January 14, 1976, the Court denied the motion stating that the motion would be reconsidered only after certain conditions were met by the parties. The conditions have been met by the parties and the motion to compel answers to various interrogatories is once again before the Court.

The defendants' interrogatories presently in dispute may be divided into three categories: (1) Interrogatories 25 and 26 request information respecting plaintiff's financial ability to prosecute this litigation; (2) Interrogatories 35, 36, 37, 38, and 39 involve information respecting other litigation in which plaintiff has been involved during the past five years, particularly suits involving other real estate investment trusts (REIT) and suits in which plaintiff sought or is seeking to represent a class; and (3) Interrogatories 58, 59 and 60 requesting information respecting plaintiff's ownership of other securities, especially REIT, including plaintiff's experience and expertise in purchasing and selling securities.

Defendants contend that the information sought is relevant to the question of wheth-er the plaintiff is a suitable class representative, whether his claims are typical of the class he seeks to represent, and whether the instant action is a bona fide action or merely another in a series of "strike" suits.

Plaintiff claims that such information is irrelevant and an invasion of privacy.

Whether the personal financial circumstances of a class action named plaintiff and the fee arrangement he has with his attorney is relevant, discoverable information depends on the facts of each case. Some courts have held that such information is not relevant in certain factual settings, *Sayre v. Abraham Lincoln Federal Savings & Loan Ass'n*, 65 F.R.D. 379 (E.D. Pa.1974) (counsel for plaintiffs promised to advance costs of class action litigation); *Bogosian v. Gulf Oil Corp.*, 337 F.Supp. 1228 (E.D.Pa.1971) (outside scope of discovery provisions of Federal Rules of Civil Procedure because not relevant to the subject matter involved in the pending action); *In re Nissan Motor Corp. Antitrust Litigation*, MDL Docket No. 120 (S.D.Fla., June 4, 1975); *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780, while other courts have found such information relevant to class action discovery, *National Auto Brokers Corp. v. General Motors Corp.*, 376 F.Supp. 620 (S.D.N.Y.1974) (relevant to determination of adequacy of class representations); *Ralston v. Volkswagenwerk, A.G.*, 61 F.R.D. 427 (W.D.Mo.1973) (costs of pursuing class action purportedly consisting of 18,000 individuals was relevant consideration for discovery); *P.D.Q. v. Nissan Motor Corp.*, 61 F.R.D. 372 (S.D.Fla. 1973).

■ One of the main criteria to be utilized by the Court in its determination of whether the plaintiff is an adequate class representative is that it must appear to the Court that the plaintiff, as representative, will vigorously prosecute the interests of the class through qualified counsel. *Gonzales v. Cassidy*, 474 F.2d 67, 72 (5th Cir. 1973).

■ Plaintiff is age 70, retired, and owns 25 shares of Tri-South Mortgage Investors which he acquired for a consideration of about $800. He seeks to represent a class of approximately 9,500, and has filed similar class actions in at least two other jurisdictions. Defendants have characterized the instant action as a "strike" suit. Certainly Fed.R.Civ.P. 23 was not intended to clothe such suits with acceptability. In light of the circumstances in the instant action the plaintiff's financial ability to "vigorously prosecute the interests of the class through qualified counsel" is relevant to the adequacy of his purported representation of the class. Accordingly, the plaintiff must respond to Interrogatories 25 and 26.

■ Related to plaintiff's financial ability to prosecute the instant action as a class representative is the number of similar lawsuits that he has filed, the status of such cases, and financial considerations respecting such cases. Plaintiff's main objection to Interrogatories 35 through 39 is that they are burdensome and harassing. However, the information requested in Interrogatories 35 through 39 is relevant to the adequacy of plaintiff's representation of the class and, accordingly, must be answered.

■ Moreover, in light of defendants' allegations regarding a "strike" suit, inadequate class representation, and absence of claims which are typical of the class, the Court finds that the information sought by Interrogatories 58, 59 and 60 respecting plaintiff's ownership of other securities, is best deemed relevant and discoverable. Defendants are entitled to this Court's close scrutiny regarding the purported class to determine if all the requirements of Rule 23 are fully satisfied. Answers to Interrogatories 58, 59 and 60 may provide evidence which will aid the Court in the final class determination.

Accordingly, defendants' motion to compel answers to interrogatories filed on December 15, 1975, is hereby ORDERED GRANTED.

All defendants, other than Price Waterhouse & Co., filed a motion to compel discovery of documents on February 2, 1976. By order entered February 24, 1976, the Court denied the motion stating that the motion would be reconsidered only after certain conditions were met by the parties. The conditions have been met by the parties and the motion to compel production of documents is hereby ORDERED GRANTED.

The parties shall file a joint pretrial order, as previously directed by the Court, within two months from entry of this order.

SO ORDERED, this 23 day of November, 1976.