**David KLEIN and Joseph Morik, Plaintiffs,**

**v.**

**CHECKER MOTORS CORPORATION, Checker Taxi Company of Chicago, and Yellow Cab Company of Chicago, Defendants.**

**No. 78 C 988.**

United States District Court,
N. D. Illinois, E. D.

April 13, 1979.

---

**6**

Andrew B. Spiegel, Abraham N. Goldman, Chicago, Ill., for plaintiffs.

David C. Jacobson, Duane C. Quaini, Kenneth H. Hoch, Thomas M. Fitzpatrick, Chicago, Ill. (Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., of counsel), for defendants.

## DECISION ON DEFENDANTS' DISCOVERY MOTION

McMILLEN, District Judge.

Plaintiffs David Klein and Joseph Morik seek certification of a plaintiff class pursuant to F.R.C.P. 23(b)(3). Defendants have sought to discover plaintiffs' assets and plaintiffs have resisted. Defendants have filed a motion to compel plaintiffs to answer questions about their income and assets and to produce income tax returns and other financial documents. We will deny the motion.

The financial ability of named plaintiffs is generally irrelevant to the issue of the propriety of class certification. In *Sanderson v. Winner*, 507 F.2d 477 (10th Cir. 1974), *cert. denied sub nom. Nissan Motor Corp. v. Sanderson*, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975), the court held that the financial resources of plaintiffs purporting to represent a class are no more a proper area of discovery than are the finances of a plaintiff in any other lawsuit. Accordingly, it issued, *per curiam*, a writ of mandamus against the district judge's order compelling named plaintiffs to disclose their assets to defendants.

The better reasoned cases relied upon by defendants are factually distinguishable from the case at bar. In *Rode v. Emery Air Freight Corp.*, 76 F.R.D. 229 (W.D.Pa.1977), for example, the court was primarily concerned with whether a representative plaintiff in a Title VII action could reimburse defendant's attorneys' fees under section 706(k) of that title, should defendant prevail. Plaintiffs are subject to no such potential liability in the case at bar. In *P.D.Q. Inc. v. Nissan Motor Corp.*, 61 F.R.D. 372 (S.D.Fla.1973), the court was concerned about plaintiffs' ability adequately to represent the class when they testified at deposition to having no intention of financing notice to a plaintiff class, estimated at $300,000. *Id.* at 377 & n. 4. In the case at bar, not only will the cost of notice be significantly less than estimated in *P.D.Q.*, but also plaintiffs at deposition have testified to their intention to bear a proportionate share of that cost.

In conclusion, we believe that to require proof of vast financial resources from a putative class representative would contravene the policy underlying F.R.C.P. 23, to enable individuals of modest means to vindicate legal rights. For this and all of the foregoing reasons, we will deny defendants' motion to compel production of documents and responses to questions.