Brenda M. STAHLER, Individually and on behalf of all others similarly situated

v.

JAMESWAY CORPORATION and Carlos Mercado.

Civ. A. No. 79–1851.

United States District Court, E. D. Pennsylvania.

Dec. 18, 1979.

Susan W. Shenkin, Robert J. Shenkin, West Chester, Pa., for plaintiff.

Sacks & Basch, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendants have moved to compel answers to two interrogatories propounded to plaintiff in connection with the discovery regarding the class action aspect of this case. Plaintiff objected to each of the disputed interrogatories on the basis of relevancy.

■■ Both of the disputed interrogatories, broadly construed, concern the issue of the named-plaintiff's ability to represent the proposed class adequately. Adequacy

of representation requires "that the representatives and their attorneys will competently, responsibly and vigorously prosecute the suit, and that the relationship of the representative parties' interests to those of the class are such that there is not likely to be divergence in viewpoint or goals in the conduct of the suit." *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 449 (3d Cir. 1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). The question of adequacy of representation is receiving increasing attention in the federal courts. Before an action may be permitted to be maintained as a class action, the judge must determine that the named-plaintiff can adequately represent the class. Fed.R.Civ. 23(a)(4). In order for this issue to be squarely presented to the judge, some discovery regarding adequacy must be permitted. It does not follow, however, that defendants are entitled to all the discovery that they seek.

■ First of all, inquiry into the manner in which plaintiff intends to compute the attorney's fees due to her under her prayer for relief has no relevancy to the issue of adequacy of representation. Furthermore, without negating the plaintiff's responsibility to demonstrate that she can bear certain expenses likely to be incurred in connection with maintaining the case as a class action, *see Apanewicz v. General Motors Corp.*, 80 F.R.D. 672 (E.D.Pa.1978), we do not believe that the fee agreement between plaintiff and her counsel is discoverable. *See Bogosian v. Gulf Oil Corp.*, 337 F.Supp. 1228 (E.D.Pa.1971).

Defendants also seek detailed information about plaintiff's personal financial condition. Some courts have held this information to be irrelevant. *See, e. g., id.* at 1230. It is conceivable that in certain cases in which the cost of notice to the class may be significant and the complexity of the issues suggests that plaintiff's financial burden may be high, inquiry into plaintiff's financial condition may be relevant to the issue of adequacy. The size of the potential class, for example, may affect the determination of the discoverability of this type of information. *See Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975). This action, however, does not present issues of unusual complexity. Furthermore, it does not appear that the purported class is an enormous nationwide class. We therefore decline to compel disclosure of this information in this case.

The remainder of the disputed interrogatories seek information that is relevant to the issues of potential conflicts of interest between plaintiff and the class, plaintiff's ability to represent the class vigorously, and the familiarity of plaintiff's counsel with class action litigation. Plaintiff will therefore be required to respond to those requests.

Because of the relatively unclear status of the law on questions of discovery of this nature, we do not believe that an award of reasonable expenses, including attorney's fees, is appropriate in connection with defendants' motion.