**In re McDONNELL DOUGLAS CORPO-
RATION SECURITIES LITIGATION.**

**MDL No. 448.**

United States District Court,
E. D. Missouri, E. D.

Dec. 16, 1981.

Berger & Montague, Sagot & Jennings, Philadelphia, Pa., Lowey, Dannenberg & Knapp, Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff Robert Epstein.

Robert S. Allen, St. Louis, Mo., for individual defendants.

Veryl L. Riddle, Thomas C. Walsh, George S. Roudebush, St. Louis, Mo., for defendant McDonnell Douglas Corp.

MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on a joint motion by all defendants to compel discovery. For the reasons stated below defendants' joint motion will be denied.

Defendants move the Court to compel production of the following documents from plaintiffs in all cases consolidated in this multidistrict securities litigation:

1. Plaintiffs' 1980 income tax returns; and

2. All documents relating to plaintiffs' fee arrangements with their attorneys.

In support of their motion, defendants claim that these requests are relevant to the issue of certification for a class action and are therefore discoverable under Rule 26(b) of the Federal Rules of Civil Procedure.

Specifically, defendants suggest that plaintiffs' tax returns are relevant for the following issues:

1. Under Rule 23 of the Federal Rules of Civil Procedure, plaintiffs must show that they have the financial ability to adequately represent the class. The tax returns would show plaintiffs' incomes.

2. The level of plaintiffs' alleged damages. The tax returns are relevant to show plaintiffs' gains or losses on the purchase and sale of McDonnell Douglas securities.

Defendants assert that the fee arrangements are relevant to plaintiffs' financial ability to represent the class adequately. In support, defendants point out that there are at least nine law firms involved in plaintiffs' representation. While defendants do not state specifically why the number of law firms representing plaintiffs is relevant, implicit in defendants' pleadings is the possibility that fees would consume an inordinate amount of any judgment obtained by plaintiffs.

The Court will discuss the tax return and fee arrangement issues separately.

The courts are split on whether inquiry into the financial resources of a plaintiff is relevant to adequate representation of the class. See Newberg on Class Actions, ch. 3, § 1120e, pp. 200–01 (1977) and Feb. 1980 Supp., pp. 48–49. The Court is not aware of any decision on point by the Eighth Circuit Court of Appeals.

■ After examining the cases discussed in the memoranda of the parties and other relevant authority, the Court concludes that the tax returns of plaintiffs are not relevant to plaintiffs' ability to represent the alleged class adequately.

The Court finds the reasoning of Sanderson v. Winner, 507 F.2d 477 (10th Cir. 1974), cert. denied sub nom., Nissan Motor Corp. v. Sanderson, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975), persuasive. In Sanderson, an antitrust class action suit, the court found that plaintiffs' tax returns were not discoverable because they were not relevant to the class action determination.

> Ordinarily courts do not inquire into the financial responsibility of litigants. We generally eschew the question of whether litigants are rich or poor. Instead we address ourselves to the merits of the litigation.

Id. at 479–80.

This Court, however, recognizes that special situations might merit inquiry into plaintiffs' financial ability to maintain a class action. E.g., Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (the court must be satisfied that plaintiffs can pay the class action notice costs); Hitt v. Nissan Motor Company, Ltd., No. 74–228C(1) (E.D.Mo., Oct. 8, 1974) (questions designed to discover plaintiff's fee arrangements with counsel and plaintiff's financial ability to maintain the suit are relevant to plaintiff's ability to prosecute vigorously the claims of the entire class); Ralston v. Volkswagenwerk, A. G., 61 F.R.D. 427 (W.D.Mo.1973) (plaintiff's ability to pay in an antitrust action found relevant to plaintiff's purported representation of a class of all new car purchasers in the United States); Gonzales v. Cassidy, 474 F.2d 67 (5th Cir. 1973) (the financial means of the representative, when it bears on the vigorous prosecution of the interests of the class, becomes an important area of inquiry for the court).

The facts of the case before the Court do not warrant a departure from the reasoning of Sanderson, supra. Plaintiffs' counsel have informed the Court that they have agreed to advance the necessary costs of litigation to plaintiffs and that plaintiffs have testified that they understand their obligation to assume the ultimate burden of such costs. These facts, coupled with the vigorous prosecution of plaintiffs' case since its inception, convince the Court that the concerns expressed by Judge Meredith in Hitt, supra, are not applicable to this case.

The Court also concludes that defendants' claim that plaintiffs' tax returns are needed to show any gains or losses on the purchase and sale of McDonnell Douglas securities is misplaced. Defendants have more direct means of discovering plaintiffs' damages. The Court, however, may later require production of tax returns if they are directly relevant to an issue in this litigation.

Having fully considered this matter, defendants' motion to compel production of plaintiffs' 1980 income tax returns will be denied.

The Court also concludes that plaintiffs' fee arrangement with their attorneys is irrelevant to the class action determination. Defendants admit that counsel would ordinarily not be permitted to inquire into the financial arrangements of a plaintiff with his or her attorney, but claim the circumstances in this case justify inquiry into fee arrangements. The Court does not agree. The appropriate time for inquiry into fee arrangements is after judgment under Rule 69 of the Federal Rules of Civil Procedure. *Sanderson, supra* at 480. *See Federal Savings & Loan Insurance Corp. v. Krueger*, 55 F.R.D. 512 (N.D.Ill.1972); *Gangemi v. Moor*, 268 F.Supp. 19 (D.Del.1967). *But see Klein v. Henry S. Miller Residential Services, Inc.*, 82 F.R.D. 6 (N.D.Tex.1978). The fact that there may be more than one or two law firms involved in representing plaintiffs is not a sufficient reason to depart from the general rule.

Having fully considered the matter, defendants' motion to compel production of any of plaintiffs' fee arrangements with their attorneys will be denied.