## Cooke v. Outdoor World Corporation

*H. Robert Erwin Jr.* and *C. Lee Anderson,* for plaintiffs.

*Timothy A. Hoy* and *Bedell A. Tippins,* for defendant Outdoor World Corp.

*Judah I. Labovitz,* for additional defendants.

TURGEON, *J.,* December 23, 1995—On August 21, 1995, Outdoor World filed a notice of deposition of plaintiffs' attorney, H. Robert Erwin Jr.[1] and caused a subpoena to be issued upon him three days later. The deposition was scheduled for September 26, 1995 and Mr. Erwin was to produce the following:

"Any and all records of communications between the office of the Maryland Attorney General and either Pretl & Erwin, P.A. or Smigel, Anderson & Sacks [local counsel], or any of their agents, referring or relating to Outdoor World Corporation, including, but not limited to copies of all: correspondence, notes, memoranda, consumer complaints, exhibits, newsletters, judicial opinions and cases, documents or other records, and all other records of communications, information or documents exchanged between the Maryland Attorney General and the two law firms listed."

On September 21, 1995, plaintiffs filed a motion for a protective order and an order to quash deposition subpoenas arguing that Outdoor World's attempt to depose Mr. Erwin is prohibited by the attorney/client and work-product privileges.

In its answer to the motion for protective order, Outdoor World suggests "that it seeks to depose Mr. Erwin regarding Mr. Erwin's adequacy to represent the proposed class, which is an element plaintiffs must prove

---

1. Mr. Erwin has been admitted pro hac vice in this case (admitted to practice in this jurisdiction for this case only).

before a class may be certified, and not the facts underlying the claims made by plaintiffs."[2] Specifically, Outdoor World points to Pa.R.C.P. 1702(4), which provides that a plaintiff in a class action must show that "the representative parties will fairly and adequately assert and protect the interest of the class under the criteria set forth in Rule 1709." That rule provides:

"In determining whether the representative parties will fairly and adequately assert and protect the interest of the class, *the court* shall consider among other matters

"(1) *whether the attorney for the representative parties will adequately represent the interest of the class* . . . ." Pa.R.C.P. 1709, 42 Pa.C.S. (emphasis added)

Outdoor World has attached to their brief a transcript of a court proceeding and an opinion where the firm's representation in two separate Dalkon Shield class actions was called into serious question. The court proceeding involved a July 10, 1995 appearance by Mr. Erwin before Judge Robert R. Mehrige Jr. of the United States District Court for the Eastern District of Virginia regarding the case of *In re A.H. Robins Company Inc.* Judge Mehrige severely chastised Mr. Erwin for his firm's representation. A sampling of his statements: "And I will stay [Pretl & Erwin's] cases until hell freezes over. . . ." "I wouldn't put anything beyond these people. . . . " "I must tell you, I have no confidence in your firm. . . ." "I am going to stay every case that you have got. . . ." "I want them out of the Dalkon Shield

---

2. In its opposition brief, Outdoor World reiterates that it seeks only to depose Mr. Erwin regarding his ability to maintain this class action. In their reply brief, plaintiffs challenge that "adequacy of representation" was the thrust of Outdoor World's notice of deposition, which demanded counsel bring with him documents relating to communication with the Md. AG's Consumer Protection Division. Defendants have agreed at oral argument they will not seek information protected by the attorney/client or work-product privileges.

business. They are not good for their claimants, for their clients. . . ."

The second involved an opinion issued by Judge Henry A. Mentz Jr. of the United States District Court for the Eastern District of Louisiana. Judge Mentz found that Michael Pretl of Pretl & Erwin acted in bad faith by giving the impression that he was co-counsel in a class action brought on behalf of Dalkon Shield plaintiffs in Louisiana. Mr. Pretl had bailed out on the class late in the action. Mr. Pretl was not licensed to practice in Louisiana and argued unsuccessfully that he never represented the plaintiff class. Judge Mentz held that Mr. Pretl indeed represented the class and that his "conduct in this case was manipulative, irresponsible and vexatious, and displayed a reckless disregard of his duties to the plaintiffs and the court." Mr. Pretl was then personally sanctioned.

Outdoor World cites these statements in support of their right to conduct discovery on the issue of Pretl & Erwin's adequacy to represent and protect the interest of the class. As such, they seek, through the deposition of Mr. Erwin, relevant information to prepare for a certification hearing. Outdoor World seeks to ask questions of Mr. Erwin on his qualifications and prior experience with class actions and the results in those cases. As stated by Judge Edelstein in *Kingsepp v. Wesley University,* 142 F.R.D. 597, 599 (S.D.N.Y. 1992), in assessing the adequacy of counsel, a court may examine counsel's conduct in both (1) prior litigation, and (2) the putative class action before the court.

Obviously, under Rule 1709, this court, just as federal courts under Rule 23(a), are required to inquire into the adequacy of the attorney to represent the interest of the class. "In determining whether an action will be vigorously prosecuted, the decisions have stressed the skill and experience of counsel." *Zinberg v. Washington Bancorp Inc.,* 138 F.R.D. 397, 408 (D.N.J. 1990)

(citing *Lewis v. Curtis,* 671 F.2d 779, 788-89 (3rd Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed. 2d 144 (1982)). The issue before us is not whether Outdoor World has the right to inquire into the class action experience of Mr. Erwin and his firm, but the manner and nature of conducting discovery on this issue.

Outdoor World argues it has the right to depose Mr. Erwin pursuant to Rule 1707(c) which provides that in determining whether to certify an action as a class action, "the court shall consider all relevant testimony, *depositions,* admissions and other evidence." Pa.R.C.P. 1707(c). This reference to depositions relates to the certification of the class, however, and not to certification of counsel.

Outdoor World also cites two cases in support of the proposition that discovery concerning an attorney's qualifications, experience, and general ability to conduct the proposed litigation are proper: *Robin v. Doctors Officecenter Corp.,* 1986 WL 7065 (N.D.Ill. 6-17-86) and *Stahler v. Jamesway Corp.,* 85 F.R.D. 85 (E.D.Pa. 1979). In both of those cases, however, it was the plaintiff representative (not the attorney) who was required to answer interrogatories (not a deposition) regarding counsel's qualifications. These cases, thus, do not support Outdoor World's unique approach of issuing a notice of deposition to the proposed class counsel.

Oral depositions of parties' lawyers, we believe, should be ordered only under clear or extreme circumstances which are not present here. Outdoor World can proceed by deposing the plaintiff representative or by issuing written interrogatories upon plaintiffs' counsel.

Accordingly we enter the following:

## ORDER

And now, December 23, 1995, it is hereby ordered that plaintiffs' motion for an order to quash the deposition is granted.