**Barry B. ROSEMAN, D.M.D., M.D., PROFIT SHARING PLAN, et al., on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**SPORTS AND RECREATION, et al., Defendants.**

**No. 95–424–Civ–T–25C, 95–445–Civ–T–24A.**

United States District Court, M.D. Florida, Tampa Division.

Feb. 20, 1996.

stance is not especially critical on the issue of notice.

Leonard Barrack, Barrack, Rodos & Bacine, Philadelphia, PA, Michael J. Pucillo, Burt & Pucillo, West Palm Beach, FL, Michael C. Addison, Law Office of Michael C. Addison, Tampa, FL, John E. Grasberger, Kimberly Cornell Epstein, Milberg, Weiss, Bershad, Hynes & Lerach, San Francisco, CA, Robert M. Roseman, Spector & Roseman, P.C., Philadelphia, PA, for Barry B. Roseman, D.M.D., M.D., Profit Sharing Plan, on behalf of itself and all others similarly situated.

William Donald Cox, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Jim W. Bradke, Richard T. Welch.

G. Calvin Hayes, Holland & Knight, Tampa, FL, Ronald S. Rolfe, Cravath, Swaine & Moore, New York City, for C.S. First Boston Corporation, Margaret A. Gilliam, Kimberly K. Walin, Lehman Brothers Inc., Sports & Recreation, Inc.

## *ORDER*

JENKINS, Magistrate Judge.

THIS CAUSE comes on for consideration of Defendants' Motion to Compel Plaintiffs' Production of Documents (Dkt.61), Plaintiffs' Motion for Protective Order (Dkt.69), and the responses. Oral argument has been held.

Plaintiffs allege that they were defrauded into purchasing Sports and Recreation, Inc. common stock on the basis of false and misleading information about the corporation's financial condition. Defendants allegedly disseminated the information into the open market from July 14, 1994 through March 13, 1995 (the class period). Plaintiffs allege violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and SEC Rule 10b–5, promulgated thereunder, 17 C.F.R. § 240.10b–5, *inter alia.*

On September 1, 1995, plaintiffs filed a motion for class certification under Rule 23(a) and (b)(3), Fed.R.Civ.P. The district court initially ordered class discovery to be completed by October 15, 1995. However, the parties subsequently agreed to extend the discovery deadline to November 17, 1995. Later, the deadline was extended to November 29, 1995, per stipulation of the parties. The deadline for completing discovery on the merits is February 1997.

### I. Defendants' Motion to Compel Plaintiffs' Production of Documents

Defendants now seek responsive documents to requests numbers 7, 8, 9, and 10 of the Notice of Deposition Duces Tecum served on November 9, 1995.[1] Plaintiffs objected to the requests on November 27, 1995, a few days before the class discovery deadline. Defendants contend that they need the documents in order to fully respond to plaintiffs' motion for class certification and to prepare their case on the merits.[2]

Rule 23(a), Fed.R.Civ.P. permits class actions when the following criteria are met: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. Moreover, at least one of the conditions under Rule 23(b) must be satisfied.

Defendants contend that the named plaintiffs are not typical of the purported class members and not adequate representatives.

The requests at issue are as follows:

Request No. 7: The complaint(s) and transcript(s) of any other deposition(s) that you have given in any other securities, breach of fiduciary duty, shareholder derivative, waste of corporate asset litigation, or class action to which you have been a party.

Plaintiffs objected to producing this information and argue that it is not relevant to the merits of this case but only the class certification issue, specifically, the adequacy element. Defendants argue that the request bears on whether the "professional plaintiffs" can adequately represent the class and also plaintiffs' motivation for purchasing the stocks.

■ A party may obtain discovery regarding any matter which is relevant and nonprivileged. *See* Rule 26(b)(1), Fed.R.Civ.P. Relevancy is to be broadly construed for discovery purposes. *National Serv. Ind., Inc. v. Vafla Corp.,* 694 F.2d 246, 250 (11th Cir.1982).

■ Courts consider two factors in determining whether the element of fair and adequate representation has been met. First, the plaintiff must not have interests antagonistic to those of the class. Second, the plaintiff's attorney must be qualified, experienced, and generally able to conduct the

---

1. Defendants were also seeking documents in response to request numbers 1 and 4. However, at oral argument the plaintiffs agreed to provide the requested documents rendering defendants' motion to compel production of these documents moot.

2. This court notes defendants' request to supplement their opposition to plaintiffs' motion for class certification. However, the motion to certify the class remains pending before the district judge and any requests for supplementation are more appropriately addressed to that court.

proposed litigation. *Powers v. Stuart–James Co., Inc.*, 707 F.Supp. 499, 503 (M.D.Fla. 1989).

At their depositions, the plaintiffs testified that they were plaintiffs in other actions. Plaintiff Cooper indicated at his deposition that he has been involved in at least ten or eleven similar class action lawsuits. (Dkt.57, p. 49). Moreover, the same attorneys, Barrack, Podos and Bacine, represented Cooper in all of the cases. (Dkt., pp. 53–53). Plaintiff Phillips has also been involved in at least three other similar lawsuits. (Dkt.59, p. 29). Lastly, plaintiff Roseman has been involved in two other similar suits. (Dkt.58, pp. 30–34).

■ The plaintiffs' involvement in prior securities litigation is relevant to whether the named representatives can adequately represent the class. For example, a plaintiff's extensive experience and involvement in similar lawsuits may result in unique defenses rendering the plaintiff unable to adequately represent the class. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508–09 (9th Cir. 1992) (where reliance on integrity of the market is subject to serious dispute because of plaintiff's extensive experience in prior securities litigation, the relationship with his lawyers, his practice of buying a minimal number of shares of stock in various companies, and his uneconomical purchase of only ten shares of stock, a unique defense exists and plaintiff fails to satisfy the typicality requirement); *Welling v. Alexy*, 155 F.R.D. 654, 660 (N.D.Cal.1994) (experience in prior securities litigation, along with other factors which subject plaintiff to unique defenses, are relevant to plaintiff's adequacy to serve as a class representative); *In re ML–Lee Acquisition Fund II, L.P. and ML–Lee Acquisition Fund (Retirement Accounts) II, L.P. Sec. Litig.*, 149 F.R.D. 506, 508 (D.Del.1993) (plaintiff who had brought several class action suits within past two years with the same counsel in at least four actions warranted further inquiry into adequacy to represent class); *Hoexter v. Simmons*, 140 F.R.D. 416, 422 (D.Ariz.1991) (unique defenses existed concerning reliance on market's integrity in purchasing stock because of extensive prior litigation and thus, plaintiffs' claims not typical and not adequate class representatives); *Darvin v. Int'l Harvester Co.*, 610 F.Supp. 255, 256 (S.D.N.Y.1985) (plaintiff not suitable as a class representative because unique defenses with respect to credibility and serious lack of familiarity with the lawsuit).

In short, the request for information concerning the plaintiffs' involvement in prior securities litigation is relevant to the last element of the class certification issue: whether plaintiffs can adequately represent the class.

The plaintiffs' prior history of litigating similar claims also bears on the merits of the case. Under the fraud-on-the-market theory, there is a presumption that the plaintiff relied on the alleged misstatement "by relying on the integrity of the stock price established by the market." *Hanon*, 976 F.2d at 506 (citation omitted). In order to rebut the presumption, defendants must disprove materiality, or prove that despite materiality, an insufficient number of traders relied on the deception so as to inflate the price; or prove that the plaintiff would have bought the stock at the same price had he known the information that was not disclosed or misrepresented. *See Blackie v. Barrack*, 524 F.2d 891, 906 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). *See also Basic Inc. v. Levinson*, 485 U.S. 224, 248–49, 108 S.Ct. 978, 992–93, 99 L.Ed.2d 194 (1988). Thus, defendants may rebut the presumption by showing plaintiffs' true motives for purchasing the stock were not to make money but to initiate "strike suits." *See e.g., Hanon*, 976 F.2d at 507. Plaintiffs' motives for purchasing the shares of stock are relevant to materiality and to plaintiffs' reliance on the alleged misrepresentations. The defense of non-reliance goes to the merits of the case. *Id.* at 509.

This court finds that plaintiffs' prior litigation history is relevant to the adequacy requirement of class certification and the merits of the action. Therefore, defendants' motion to compel responses to request number 7 is granted. Plaintiffs shall produce the responsive documents within twenty (20) days of the date of this order.

■ The next inquiry at issue is:

Request No. 8: Your brokerage statements and all other documents showing all of your trading and holding of public securities from January 1, 1993 to March 14, 1995.

Plaintiffs contend that this request is unduly burdensome and not relevant or reasonably calculated to lead to the discovery of admissible evidence regarding class certification issues or issues on the merits of the case. Defendants respond that the request is relevant to the issues of typicality and adequacy of representation and is not burdensome or cumulative. They contend that the trading history of the proposed class representatives is highly relevant and discoverable. Defendants further argue that the plaintiffs' trading history is relevant to rebutting the presumption of reliance, ie. motivation, and causation.

The plaintiffs' investment history and background is relevant to the adequacy issue. *In re SciMed Life Sec. Litig.*, 1992 WL 413867 *2–3 (D.Minn.1992) (information regarding all purchases and sales of SciMed securities ordered disclosed and plaintiffs' investment history and background deemed relevant) citing *Elster v. Alexander*, 74 F.R.D. 503, (N.D.Ga.1976).

Plaintiffs rely upon *Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir.1983) where the court held that investor sophistication of each class member is irrelevant to the issue of typicality. *See also In re Amerifirst Sec. Litig.*, 139 F.R.D. 423, 429 (S.D.Fla.1991) (a class representative's degree of investment experience and sophistication will not preclude a finding of typicality); *Steiner v. Ideal Basic Ind., Inc.*, 127 F.R.D. 192, 194–95 (D.Colo.1987) ("professional plaintiff" and plaintiff who had filed 15 to 20 lawsuits adequate class representatives).

While plaintiffs are correct that sophistication alone cannot defeat a finding of typicality, a plaintiff's sophistication in combination with other factors regarding reliance are relevant to a plaintiff's ability to serve as a class representative. *See Welling v. Alexy*, 155 F.R.D. 654, 660 (N.D.Cal.1994). The *Kennedy* decision was not in the context of a discovery dispute and the court only addressed the typicality element of the class certifica-

tion standard. The adequacy element was not reached.

Request number 8 is reasonably likely to lead to the discovery of admissible evidence. Thus, this court finds that plaintiffs' investment or trading history in other publicly held securities is relevant to plaintiffs' ability to adequately represent the proposed class.

Plaintiffs' trades in publicly held securities other than the defendant corporation for the period of time requested is also relevant to the issue of plaintiffs' reliance and motivation in bringing this action and may lead to the discovery of admissible evidence. Defendants are entitled to attempt to rebut the presumption of reliance and the requested documents bear on this issue. The parties disagree on the exact manner in which the presumption of reliance may be overcome. Resolution of this issue is not necessary for purposes of these discovery motions, however, given the broad scope of Rule 26(b)(1), Fed.R.Civ.P. Therefore, defendants' request to compel production of documents in response to request number 8 is granted. Plaintiffs shall produce the responsive documents within twenty (20) days of the date of this order.

Request No. 9: Schedule C & D and tax returns since 1990.

Request No. 10: Schedule 5500 with supporting documentation of the Barry B. Roseman, D.M.D., M.D. Profit Sharing Plan since 1990.

Plaintiffs claim that the information sought by request number 9 is entitled to protection, unduly intrusive, constitutes harassment, overbroad, and not relevant. Plaintiffs' counsel has agreed to finance all necessary litigation expenses contingent on the outcome of the case. Defendants argue that the discoverability of the tax returns is relevant to whether the plaintiffs are typical and can fairly and adequately represent the interests of the class. Defendants further contend that the financial documents are relevant to the merits of the case, specifically, plaintiffs' motivation in purchasing the stocks. Defendants seek the documents to discover plaintiffs' trading history and not for the listed gains and losses.

This court finds that the requested information is not relevant to the class certification issues. Plaintiffs' ability to pay the costs of the litigation is irrelevant under the circumstances. *See Sanderson v. Winner,* 507 F.2d 477, 480 (10th Cir.1974) (*per curiam*), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *In re McDonnell Douglas Corp. Sec. Litig.,* 92 F.R.D. 761, 762 (E.D.Mo.1981) (plaintiffs' tax returns not relevant to ability to adequately represent alleged class); *Klein v. Checker Motors Corp.,* 87 F.R.D. 5, 6 (N.D.Ill.1979) (generally, financial ability of plaintiffs irrelevant to issue of propriety of class certification); *Kamens v. Horizon Corp.,* 81 F.R.D. 444, 446 (S.D.N.Y.1979) (plaintiffs' finances irrelevant where plaintiffs' counsel has agreed to advance the costs of litigation and no question concerning plaintiffs' ability to reimburse counsel); *Sayre v. Abraham Lincoln Federal Savings & Loan Ass'n,* 65 F.R.D. 379 (E.D.Pa.1974), *modified by,* 69 F.R.D. 117 (E.D.Pa.1975).

Moreover, defendants have not established a need for the financial documents as the documents requested in numbers 7 and 8 are sufficient to illustrate plaintiffs' trading histories. *See generally In re SciMed Life,* 1992 WL 413867 *3. Therefore, defendants' motion to compel responses to requests number 9 and 10 is denied.

## II. Plaintiffs' Motion for Protective Order

At issue in plaintiffs' motion for protective order are depositions and document production from the plaintiffs' stockbrokers, brokerage house, and investment advisors (non-parties).

On January 26, 30, and 31, 1996, defendants served notices of taking depositions duces tecum advising plaintiffs that they were serving eleven subpoenas on the stock brokerage firms plaintiffs had used in the past. The depositions, along with document production, are currently scheduled for February 27, 1996 through March 4, 1996.

Although the class discovery deadline in this case has passed, merit discovery is still ongoing. (Dkt.18, p. 5). According to plaintiffs, the documents sought are the same documents at issue in defendants' motion to compel but from a different source, the non-party brokerage firms.

The subpoenas seek information about the plaintiffs' securities trading which this court has found is relevant to both the class certification issue of whether the plaintiffs are appropriate class representatives and the merits of this case. The presumption of reliance in favor of plaintiffs in a fraud on the market case is rebuttable, thus, discovery relating to this issue is permissible. Defendants also seek the discovery to support their "truth on the market" defense. Accordingly, plaintiffs' motion for protective order is denied.

Upon consideration, it is **ORDERED that:**

(1) Defendants' Motion to Compel Plaintiffs' Production of Documents (Dkt.61) is GRANTED IN PART and DENIED IN PART as stated above.

(2) Plaintiffs' Motion for Protective Order (Dkt.69) is DENIED.

**DONE and ORDERED.**