Howard BILLET, Plaintiff,

v.

STORAGE TECHNOLOGY
CORPORATION,
Defendant.

No. 76 Civ. 505 (LFM).

United States District Court,
S. D. New York.

Nov. 17, 1976.

Stull, Stull & Brody, New york City, for plaintiff, by Richard J. Stull, Jules Brody, New York City.

Weiss, Rosenthal, Heller, Schwartzman & Lazar, New York City, Hale & Dorr, Boston, Mass., for defendant, by Richard F. Horowitz, New York City, David S. Mortensen, Boston, Mass.

## OPINION

MacMAHON, District Judge.

This action arises under Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa, and Section 22 of the Securities Act of 1933, (the "Securities Act"), 15 U.S.C. § 77v.

Plaintiff moves for class certification under Rule 23, Fed.R.Civ.P. Defendant opposes certification and moves to dismiss the amended complaint under Rule 9(b), Fed.R. Civ.P., for failure to state fraud with particularity, and under Rule 12(b)(6), Fed.R. Civ.P., for legal insufficiency. Defendant also moves under Rule 37(a)(2), Fed.R. Civ.P., to compel plaintiff to answer questions propounded upon oral deposition.

Plaintiff, a former stockholder of Ultimacc Systems, Inc. ("Ultimacc"), a Delaware corporation, alleges violations by defendant, Storage Technology Corporation, of Sections 11 and 12 of the Securities Act, 15 U.S.C. § 77k and *l*; Section 14a and e of the Exchange Act, 15 U.S.C. § 78n(a) and (e), and Rule 14a-1 et seq. of the Securities and Exchange Commission promulgated thereunder.

The amended complaint alleges an agreement between defendant and Ultimacc for the acquisition or merger of Ultimacc into defendant, in furtherance of which defendant filed a registration statement with the SEC and furnished stockholders of Ultimacc with proxy materials and a prospectus to induce them to vote for the merger, which were false and misleading in that they reflected errors in original inventory and accounting procedures resulting in a post-merger $1,600,000 pretax charge to defendant's earnings.

Plaintiff further alleges that the merger was accomplished by material omissions in the registration statement, proxy material and prospectus and that he was injured because the merger ratio of one-half share of defendant for one share of Ultimacc was inequitable and because he was deprived of his right to make an informed judgment regarding the merger.

Defendant argues that the amended complaint should be dismissed for failure to comply with Rule 9(b), Fed.R.Civ.P., which requires that "in all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." Plaintiffs, however, need not allege fraud in actions brought under Sections 11 and 12 of the Securities Act and Section 14(a) of the Exchange Act, and, to that extent, Rule 9(b) is inapplicable; liability under those sections may result from negligent conduct, misstatement or omissions.[1] Section 14(e), however, sounds essentially in fraud.[2] A complaint alleging a

1. See *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (Sections 11 and 12(2) of the Securities Act); *Gould v. American-Hawaiian S.S. Co.,* 535 F.2d 761, 777–78 (3d Cir. 1976) (Section 14a of the Exchange Act and Rule 14a–9); *Gerstle v. Gamble-Skogmo, Inc.,* 478 F.2d 1281, 1298–1301 (2d Cir. 1973) (Section 14a of the Exchange Act and Rule 14a–9); *Emmi v. First-Mfrs. Nat'l Bank,* 336 F.Supp. 629, 633, 635 (D.Me.1971) (Sections 11 and 12(2) of the Securities Act).

2. *Chris-Craft Indus., Inc. v. Piper Aircraft Corp.,* 480 F.2d 341, 362–64 (2d Cir.), *cert. denied,* 414 U.S. 910, 94 S.Ct. 231, 38 L.Ed.2d 148 (1973).

violation of that section is subject, therefore, to the requirement of Rule 9(b) that the circumstances constituting fraud be stated with particularity.[3]

■ Plaintiff's amended complaint is deficient because it does not specify adequately what statements were made and in what respect they were false, misleading or inaccurate. Nor does it particularize the claimed omissions.[4] Nor does the amended complaint allege that defendant made such statements or omissions with the requisite degree of scienter.[5]

Since plaintiff has not complied with Rule 9(b), the motion to dismiss the claim under Section 14(e) is granted with leave to plaintiff to file and serve a further amended complaint within twenty (20) days.

■ Defendant also contends that the amended complaint is legally insufficient, because it fails to allege facts showing any transactional causation, i. e., any causal relationship between any misstatement or omission and the merger.[6] We disagree.

Plaintiff alleges that the merger was accomplished by the wrongful acts or material omissions of defendant in the proxy materials. This would appear to meet even a strict transactional causation test. The Second Circuit, however, has rejected a strict view of transactional causation, and plaintiffs are not required either to allege or prove that a merger could not have been accomplished without their votes.[7] We

think, therefore, that sufficient causation is alleged.

Plaintiff's allegation that the exchange ratio was inequitable is also a sufficient pleading of loss causation.[8]

■ Defendant also contends that the amended complaint fails to allege facts showing the materiality of any misstatement or omission. The amended complaint, however, alleges that, as a result of defendant's omission to state its true inventory, the exchange of shares was accomplished (¶ 14) and that these omissions were material (¶ 15). Whether these omissions meet the standard of materiality established by the Supreme Court in *TSC Indus., Inc. v. Northway, Inc.*[9] must await further proceedings, but materiality is sufficiently alleged to survive a motion to dismiss.

■ Finally, defendant contends that the amended complaint should be dismissed because plaintiff has alleged no damage compensable under the statutes invoked. The allegation of a material misstatement or omission in a registration statement, however, is sufficient to state a prima facie case under Section 11 of the Securities Act.[10] The allegations satisfy that requirement, and defendant's motion to dismiss as to Section 11 is, therefore, denied.

■ Defendant also contends that, since plaintiff has not tendered the securities, his amended complaint under Section 12 of the Securities Act must be dismissed. Section 12 does appear to require tender. The mo-

3. See *Lowenschuss v. Kane,* 520 F.2d 255, 262–63 (2d Cir. 1975); *Segal v. Gordon,* 467 F.2d 602, 608 (2d Cir. 1972); *McCloskey v. Epko Shores, Inc.,* 391 F.Supp. 1279, 1284 (E.D.Pa. 1975).

4. See *Rich v. Touche Ross & Co.,* 68 F.R.D. 243, 246 (S.D.N.Y.1975). See generally *Southern Dev. Co. v. Silva,* 125 U.S. 247, 250, 8 S.Ct. 881, 31 L.Ed. 678 (1888); *Gissen v. Colorado Interstate Corp.,* 62 F.R.D. 151, 153–55 (D.Del.1974); 2A J. Moore, Federal Practice ¶ 9.03, at 1923–29 (2d ed. 1975).

5. See *Lowenschuss v. Kane, supra,* 520 F.2d at 262.

6. Defendant's argument must be addressed only to Section 14(a) and (e) of the Exchange Act and Rule 14a–9; Sections 11 and 12(2) of the Securities Act are "express liability" sections and thus causation need not be alleged. See *Emmi v. First-Mfrs. Nat'l Bank, supra,* 336 F.Supp. at 633, 635.

7. See *Schlick v. Penn-Dixie Cement Corp.,* 507 F.2d 374, 382–84 (2d Cir. 1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

8. See *Schlick v. Penn-Dixie Cement Corp., supra,* 507 F.2d at 381.

9. 426 U.S. 438, 449, 96 S.Ct. 2126, 2133, 48 L.Ed.2d 757 (1976).

10. See *Emmi v. First-Mfrs. Nat'l Bank, supra,* 336 F.Supp. at 633, 635.

tion to dismiss the claim under Section 12 is granted, with leave to plaintiff, if so advised, to file and serve a further amended complaint within twenty (20) days alleging tender.[11]

Finally, plaintiff's allegation that he was the owner of 1,000 shares of Ultimacc before the merger and that the merger ratio was inequitable is a sufficient allegation of damages under Rule 14a–9.[12]

Plaintiff also seeks, pursuant to Rule 23, Fed.R.Civ.P., certification of the class defined in the amended complaint as all holders or owners of the common stock of Ultimacc, who exchanged their shares for those of defendant or who became shareholders thereof as a result of the merger of Ultimacc into defendant or a subsidiary thereof on or about, and subsequent to, August 27, 1975.

Plaintiff avers that the class consists of approximately 525 people. Clearly, joinder of all is impracticable, and the numerosity requirement of Rule 23(a)(1) is met.[13]

The questions of law and fact common to the class will revolve around the existence and materiality of the alleged misstatements and omissions in the registration statement, prospectus and proxy materials.[14] Thus, the common question requirement of Rule 23(a)(2) is satisfied.

The requirement of Rule 23(a)(3), that the claims of the representative plaintiff be typical of the class, is met since we can see no potential conflict between his interests and those of other members of the class.[15]

In addition, the statements or omissions in the registration statement, prospectus and proxy materials are the gravamen of the complaint and are equally applicable to all stockholders.[16] Defendant's contention that plaintiff is not a member of the class he seeks to represent is inapposite because the composition of the proposed class was changed in the amended complaint.

Defendant argues, at some length, that plaintiff will not meet the requirements of Rule 23(a)(4) that he adequately represent the class because he plans to leave the country soon and may be living abroad during the pendency of the suit. Defendant cites no authority for this proposition, and we reject the contention.

The fact that a class representative may reside outside the country, given modern means of communication and travel, is not necessarily prejudicial to the interests of the class. If it later appears that plaintiff, for that reason or any other, is unable adequately to represent the class, we have ample power under Rule 23(c) and (d) to replace him in order to protect the interests of the other members of the class.

Defendant further contends that plaintiff has failed to make an adequate showing of financial ability to prosecute the action vigorously.[17] We disagree.

Considering the size of the class, plaintiff has shown he has sufficient funds.[18]

Finally, defendant asserts a potential conflict of interest between plaintiff and the interests of the class he seeks to repre-

11. See *Chapman v. Dunn*, 414 F.2d 153, 160 (6th Cir. 1969); see also *Moses v. Michael*, 292 F.2d 614, 619 (5th Cir. 1969); *Stadia Oil & Uranium Co. v. Wheelis*, 251 F.2d 269, 273 (10th Cir. 1957).

12. See *Schlick v. Penn-Dixie Cement Corp.*, supra, 507 F.2d at 381.

13. See *Korn v. Franchard Corp.*, 456 F.2d 1206, 1209 (2d Cir. 1972).

14. See *Basch v. Talley Indus., Inc.*, 53 F.R.D. 14, 18 (S.D.N.Y.1971) (Section 14a of the Exchange Act and Rule 14a–9); *Weiss v. Tenney Corp.*, 47 F.R.D. 283, 289 (S.D.N.Y.1969) (Section 11 of the Securities Act).

15. See *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465, 468 (S.D.N.Y.1968).

16. See *Basch v. Talley Indus., Inc.*, supra, 53 F.R.D. at 18; *Weiss v. Tenney Corp.*, supra, 47 F.R.D. at 290.

17. See *Ralston v. Volkswagenwerk, A. G.*, 61 F.R.D. 427, 433–34 (W.D.Mo.1973); *National Auto Brokers Corp. v. General Motors Corp.*, 60 F.R.D. 476, 495 (S.D.N.Y.1973).

18. See *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974), *cert. denied sub nom. Nissan Motor Corp. in U.S.A. v. Sanderson*, 421 U.S. 914, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975).

sent. The cases cited by defendant all deal with a situation where the representative party, or his spouse, also sought to represent the class as counsel.[19] Nothing of that nature is involved here, and we see no conflict of interest.

Defendant does not question the competence of plaintiff's counsel, nor their ability to prosecute this action vigorously. There is no hint that the action is collusive. Consequently, we find that plaintiff will adequately represent the class.

 This action is properly maintainable under Rule 23(b)(3). There is no need, therefore, to consider whether it falls within Rule 23(b)(1)(A) or (B), as plaintiff alleges.

Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The alleged misstatements and omissions in the registration statement, prospectus and proxy materials and their materiality are the main questions in this action, and we find that they predominate over any individual questions. The fact that damages might vary among the members of the class does not preclude class certification.[20] A class action is peculiarly appropriate and superior to other available methods of adjudication in an action such as this where there are numerous shareholders who were allegedly injured by similar misrepresentations.[21]

Notice is required in Rule 23(b)(3) actions. The parties are, therefore, directed to submit proposals for the form and contents of the notice and means of distribution by December 17, 1976.

Accordingly:

(1) Plaintiff's motion for class certification is granted. The class is certified as defined in the amended complaint.

(2) Defendant's motion to dismiss the amended complaint is granted as to the claim under Section 12 of the Securities Act of 1933 and Section 14e of the Securities Exchange Act of 1934 and denied in all other respects.

(3) Defendant's motion to compel answers to questions propounded upon deposition is not fully submitted until defendant complies with General Rule 9(f) of this court.[22]

So ordered.

---

19. *Stull v. Pool*, 63 F.R.D. 702 (S.D.N.Y.1974); *Cotchett v. Avis Rent A Car Sys., Inc.*, 56 F.R.D. 549 (S.D.N.Y.1972); *Shields v. First Nat'l Bank of Arizona*, 56 F.R.D. 442 (D.Ariz. 1972).

20. *B & B Investment Club v. Kleinert's Inc.*, 62 F.R.D. 140, 144 (E.D.Pa.1974); *In re Memorex Security Cases*, 61 F.R.D. 88, 103 (N.D.Cal. 1973).

21. See *Green v. Wolf Corp.*, 406 F.2d 291, 299 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed. 766 (1969); *Elkind v. Liggett & Myers, Inc.*, 66 F.R.D. 36, 42 (S.D.N.Y. 1975); *In re Caesars Palace Securities Litigation*, 360 F.Supp. 366, 395 (S.D.N.Y.1973); *Dolgrow v. Anderson*, 43 F.R.D. 472, 488 (E.D.N.Y. 1968).

22. See *Johnson v. Durante*, 387 F.Supp. 149, 153 (E.D.N.Y.1975).