Minna KAMENS, Plaintiff,

v.

HORIZON CORP. et al., Defendants.

No. 75 CIV 1366.

United States District Court,
S. D. New York.

Jan. 3, 1979.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff; Robert M. Kornreich, New York City, of counsel.

Shea, Gould, Climenko & Casey, New York City, for defendants; Leigh R. Isaacs, New York City, of counsel.

## OPINION

SAND, District Judge.

In this action brought pursuant to § 10–b of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), defendants [1] move to redepose plaintiff and to compel plaintiff to answer questions which she refused to answer at her deposition. This action was brought as a class action; the motion for class certification is returnable on January 18, 1979.

Defendants contend that plaintiff's counsel improperly instructed plaintiff not to answer numerous questions propounded at her deposition. Although the defendants argue that Rule 30 mandates that a deponent answer all questions,[2] the Rule appears to operate somewhat differently:

"If the objection goes merely to admissibility, he [deponent] must answer the question and his objection will be preserved and ruled upon when and if the deposition is presented. It may be, however, that the deponent believes that the question seeks information that is privileged, or that is not relevant to the subject matter of the pending action. In such a case, the deponent's only recourse is to decline to answer." 4A Moore's *Federal Practice* ¶ 37.02[2] (2d ed. 1978). *But see Ralston Purina Co. v. McFarland,* 550 F.2d 967 (4th Cir. 1977); *Shapiro v.*

*Freeman,* 38 F.R.D. 308 (S.D.N.Y.1965). Moreover, once the deponent refuses to answer, the examining party has "the option of suspending the examination and moving immediately for a court order compelling an answer, or of completing the examination as to other matters and then moving for such an order." 4A Moore's *Federal Practice* ¶ 37.02[2] (2d ed. 1978).

■ In the instant action, defendants' counsel chose the latter option. Having made this choice to continue the examination, defendants' counsel nevertheless now moves for an order to redepose the plaintiff. Although we agree with defendants that there was a great deal of unnecessary obfuscation, delay and argument on the part of plaintiff's counsel at the deposition and that such conduct should not be condoned, we do not find that redeposition of plaintiff is an appropriate procedure under the facts presented here. According to plaintiff, defendants asked and plaintiff answered approximately 306 questions. Having reviewed the transcript of the deposition, we conclude that defendants have had an opportunity to examine the plaintiff in those areas necessary for an adequate response to plaintiff's motion for class certification.[3] Had we concluded otherwise, we would not hesitate to order a redeposition of the plaintiff or to consider such conduct in assessing the adequacy of plaintiff and her counsel in connection with the motion for class determination.

Besides requesting that the plaintiff be redeposed, defendants also ask this Court to order plaintiff to answer questions which she refused to answer at her deposition.[4]

---

1. This motion is brought on behalf of all defendants except Cooper and Lybrand.

2. Rule 30(c) provides in pertinent part that "[e]vidence objected to shall be taken subject to the objections."

3. Plaintiff testified about her previous experience as an investor, her financial reading habits, the type and reasons for her investments generally, the reasons she purchased Horizon stock, her knowledge of newspaper articles relating to Horizon and other land companies, her receipt and perusal of Horizon's reports,

the circumstances of her learning about the FTC proceeding against Horizon and her determination to bring suit after learning about it, her contacts with her attorneys and her understanding of the claims asserted in this action.

4. Rule 37(a)(2) provides that "[i]f a deponent fails to answer a question propounded or submitted under Rule 30 or 31 . . . the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question

Limiting ourselves to the fifty-three questions which plaintiff's counsel directed his client not to answer, we find that these questions fall into three categories: plaintiff's status as a representative shareholder, plaintiff's financial resources, and participation by plaintiff in other class action litigation. Thus, the issue presented to us is whether the questions posed by defendants in these categories are relevant and proper.

Questions in the first category, *i. e.*, plaintiff's status as a representative shareholder, can be disposed of readily. At oral argument of this motion, plaintiff's counsel agreed that he would provide this information to defendants by affidavit setting forth the relevant information concerning the dates of her stock purchases and sales.

Defendants also claim that they are entitled to discover plaintiff's financial resources as well as her understanding of the exact amount of the likely costs of the suit. At her deposition, plaintiff testified that her attorneys are authorized to advance all costs with respect to notification of the class; however, she also testified that she understands and accepts any liability for expenses advanced by counsel.[5] Further, she specifically stated that whatever these costs may be, she was prepared to see the litigation through.[6]

The mere fact that plaintiff's counsel have agreed to advance the costs of the litigation in the first instance, defendants contend, does not make irrelevant the inquiry into plaintiff's ability to pay the costs. According to defendants:

"[i]t is the rule in this Court that where the cost of litigation and class notice will exceed the possible recovery of the representative party 'the ability of the representative parties to pay for notice and other costs of litigation is relevant to whether they will fairly and adequately represent all class members' and a proper subject for discovery." Defendant's Brief at 12 citing *Dennis v. Saks & Co.,* 20 F.R.Serv.2d 994, 997 (S.D.N.Y.1975).

Although defendants claim that the rule is that inquiry into the financial resources of a proffered class representative is permissible,[7] we conclude that the better rule is that, where counsel for plaintiff has agreed to advance the costs of the litigation and there is no question raised concerning their ability to do so, and there are no factors present which cast doubt on plaintiff's ability to reimburse counsel (*e. g.,* pending bankruptcy or evidence of financial distress), questions concerning the details of plaintiff's finances are irrelevant. *See Sanderson v. Winner,* 507 F.2d 477 (10th Cir. 1974), *cert. denied,* 421 U.S. 914, 95

---

may complete or adjourn the examination before he applies for an order."

5. Tr. 102–03.

6. Tr. 104–05.

7. In support of this argument, defendants cite three cases: *Dennis v. Saks & Co.,* 20 F.R.Serv.2d 994, 997 (S.D.N.Y.1975); *Billet v. Storage Technology Corp.,* 72 F.R.D. 583, 586 (S.D.N.Y.1976); *National Auto Brokers Corp. v. General Motors Corp.,* 376 F.Supp. 620, 638 (S.D.N.Y.1974), *aff'd on other grounds,* 572 F.2d 953 (2d Cir. 1978). We find these cases distinguishable. In *Dennis,* Judge Werker was concerned with a motion to certify a class and not with a motion to compel discovery. In the course of his discussion of the adequacy of the representation, Judge Werker remarked that "the ability of the representative parties to pay for notice and other costs of litigation is relevant to whether they will fairly and adequately represent all class members." However, Judge Werker concluded that "it is enough to say that plaintiffs are willing to pay their pro rata share of all costs if their notice plan is accepted." Plaintiffs have made the same representation here.

Similarly, in *Billet,* Judge MacMahon remarked that on a class certification motion, "[c]onsidering the size of the class, plaintiff has shown he has sufficient funds." Judge MacMahon made no comment concerning defendant's right to discover this information prior to the class certification nor did plaintiff's counsel agree to advance the funds.

Finally, in *National Auto Brokers Corp.,* Judge Griesa questioned the corporate plaintiff's ability to pay costs. Although plaintiff responded that it was able to pay the costs, the Court found that this representation was not supported by plaintiff's financial statements. Accordingly, Judge Griesa concluded that "[u]nder all the circumstances . . . [plaintiff] should not be permitted to represent any parties in this action beyond the plaintiffs who are now named in the complaint."

S.Ct. 1573, 43 L.Ed.2d 780 (1975); *Sayre v. Abraham Lincoln Savings & Loan Association,* 65 F.R.D. 379 (E.D.Pa.1974), *modified,* 69 F.R.D. 117 (1975); *but see Hurwitz v. R. B. Jones Corp.,* 76 F.R.D. 149 (W.D.Mo. 1977); *Rode v. Emery Air Freight Corp.,* 76 F.R.D. 229 (W.D.Pa.1977).

In *Sayre, supra,* defendants asked the named plaintiffs questions regarding their financial assets, their understanding of their responsibility for litigation expenses and their willingness to pay costs if the suit failed. Although plaintiffs' counsel directed his clients not to answer these questions, he volunteered that there was an agreement between plaintiffs and their counsel that counsel's firm would advance litigation expenses and that plaintiffs would reimburse the firm for all expenses if they lost the case. Such agreements the court noted, were expressly approved by Canon 5, Disciplinary Rule 5–103(B), of the Code of Professional Responsibility.[8] In these circumstances, the court held that questions concerning plaintiffs' financial status were irrelevant. Rather than determining whether the plaintiffs could pay the costs, the court stated that the relevant question was whether counsel could and would pay the expenses of the suit.

■ We also conclude that questions concerning plaintiff's financial status are irrelevant here. Wolf, Popper, Ross, Wolf & Jones, the law firm representing plaintiff, has indicated its willingness to advance all costs of litigation and defendants do not dispute its ability to do so. In the absence of any contention that the funds necessary to effectively prosecute this action will not be advanced, we find no valid basis for questioning plaintiff about her financial resources.

Finally, defendants maintain that they are entitled to inquire into plaintiff's partic-

ipation in other law suits. This argument was rejected by Chief Judge Mishler in *Lewis v. Black,* 74 F.R.D. 1 (E.D.N.Y.1975). There, defendants moved to compel plaintiff to answer certain deposition questions and to produce certain documents relating to their contention that plaintiff was a "professional plaintiff" and, therefore, unable to fairly and adequately represent the class. In denying the motion, the court concluded that "[i]nstigation of many other securities laws lawsuits cannot, of itself, disqualify plaintiff from bringing the present suit or acting as class representative therein, and so is not an area of relevant inquiry." *Id.* at 3.

Defendants, however, attempt to distinguish *Lewis.* They argue that their purpose in asking these questions concerning plaintiff's participation in other law suits differs from the purpose of the defendants in *Lewis.* Rather than focusing on plaintiff's status as a "professional plaintiff", defendants urge that they are entitled to know whether plaintiff has been certified as a class representative in other actions. According to defendants, "[i]f plaintiff was denied status as a class representative, it would certainly be relevant here." Defendants' Reply Brief at 9. Yet, plaintiff's counsel explicitly stated at the deposition that he would permit the defendants' counsel to ask the plaintiff whether she ever failed to be certified in any other suit.[9] Defendants failed to ask the question because, apparently, it only "begs the questions which is are you a class representative." [10] In these circumstances, we conclude that defendants are not entitled to redepose plaintiff in order to ask the question now.

Accordingly, plaintiff is directed to submit on or before January 18, 1979, the affidavit referred to above concerning the dates of plaintiff's stock purchases and

---

**8.** This canon provides: "While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to his client, except that a lawyer may advance or guarantee the expenses of litigation, including court costs, expenses of investigation, expenses of medical examination, and costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses."

**9.** Tr. 140–41.

**10.** Tr. 141.

sales. In all other respects, defendants' motion is denied.