Albert KAUFMANN, Appellant
(Plaintiff Below),

v.

CREDITHRIFT FINANCIAL, INC., American General Corp., Wendell L. Dixon, Webster R. Vause, Ray W. Arensman, Ronald C. Coleman, Ludlow Shonnard, Jr., Wayne A. Davidson, David C. Eades, Owen M. Hamilton, Edwin S. Karges, Jr., Richard F. Meier, H. Morris Robinson, George Ryan, Louis Durfee, Robert G. Tuck and Eldo Taylor, Appellees (Defendants Below).

No. 1–184A2.

Court of Appeals of Indiana,
First District.

June 27, 1984.

Stephen D. Oestreich, Wolf, Popper, Ross, Wolf & Jones, New York City, Rodney H. Grove, Evansville, for appellant.

Theodore R. Boehm, James H. Ham, III, Robert K. Stanley, Baker & Daniels, Indianapolis, Patrick A. Shoulders, Alan N. Shovers, Kahn, Dees, Donovan & Kahn, Frederick R. Folz, Folz, Stone, Keck, La-Plante & Foltz, Evansville, for appellees.

ROBERTSON, Judge.

The plaintiff-appellant, Kaufmann, brings this interlocutory appeal from the trial court's ruling granting extensive discovery to the defendants-appellees (collectively referred to as Credithrift).

Kaufmann brought a shareholders class action lawsuit against the defendants which, broadly stated, alleged a breach of fiduciary and other common law duties in Credithrift being merged with American General. Credithrift moved, pursuant to Indiana Rules of Trial Procedure 30, to depose Kaufmann and also sought the production of documents by Kaufmann. Kaufmann sought to restrict the scope of the discovery with the trial court ruling, in pertinent part:

> The Court having this matter under advisement now orders plaintiff to answer question in Dixon's motion to compel in Exhibit # A, except question # 23, and to produce documents listed in Exhibit # B and answer interrogatories listed in Exhibit # B and to respond to issues relating to plaintiff's involvement in other class action finance lawsuit[s] to issues of possible conflict of interest, and to documents, not attorney work product, of the subject matter of this litigation.

The issues are stated by Kaufmann as being:

1. Whether the Court erred in permitting the defendants under the guise of class discovery to conduct a general inquiry into the plaintiff's financial resources and means, including the production of tax returns, financial statements, and loan applications, and whether the question of the plaintiff's income is a legitimate area of inquiry after the plaintiff has testified under oath that his net worth is in excess of $100,000;

2. Whether the Court erred in allowing defendants to make a general inquiry into the plaintiff's prior litigation, including the production without limitation, of all pleadings, motions, briefs, affidavits, depositions, interrogatory answers, other discovery, transcripts, stipulations, orders and judgments pertaining to

(i) any determination that the action was or was not properly maintainable as a class action or derivative suit;

(ii) the adequacy of Kaufmann as a class representative or as a plaintiff in a derivative action;

(iii) any disposition or adjudication of the merits of the action; or

(iv) any settlement of the action, including court approval thereof,

*after* plaintiff had testified that no court has ever found him to be an inadequate class representative;

3. Whether the Court erred in allowing defendants to ask plaintiff at deposition to interpret the "legal" language of the complaint in a highly complex securities lawsuit by going through the complaint paragraph by paragraph, especially after plaintiff had testified generally as to the allegations contained in the Complaint and expressed a familiarity with the facts supporting said allegations.

The request for production by Credithrift which serves as the basis for the first issue, the general inquiry into Kaufmann's financial resources and means, reads:

All documents evidencing or reflecting Kaufmann's current income, net worth, assets, liabilities or financial condition, including, without limitation, (a) any financial statements prepared for or by Kaufmann at any time during the years 1980 or 1981, (b) any federal income tax returns filed by Kaufmann in 1979, 1980 or 1981 and (c) any applications for a loan or credit made by or for Kaufmann during 1980 or 1981.

Kaufmann objected:

Plaintiff objects to this Request on the ground that it calls for documents not properly subject to discovery and which relate to matters that are wholly collateral to and neither relevant nor material to the issues of this litigation and for documents not calculated to lead to documents that are relevant or material thereto. In addition, this Request is objected to on the grounds that it is made not for the purposes of discovery, but for the purposes of imposing an undue burden upon plaintiff, and for the purposes of harassment and delay. Notwithstanding plaintiff's objection to this Request, plaintiff has testified·at his deposition attended by all defendants' counsel that his net worth is in excess of $100,000.

The thrust of Kaufmann's argument is that an inquiry into Kaufmann's financial health has no bearing upon his adequacy as a class representative in the pending litigation.

■■■ Initially we should examine Kaufmann's role in the cause of action. Whether a plaintiff will adequately and fairly represent the class is a legitimate matter of concern for the trial court. There should be evidence to demonstrate to the trial court that such duties will be discharged. Ind.Rules of Procedure, Trial Rule 23, *Perfect Circle Corporation v. Case,* (1983) Ind.App., 444 N.E.2d 1211; *Kuespert v. State,* (1978) 177 Ind.App. 142, 378 N.E.2d 888. The burden of proof that the class will be fairly and adequately represented rests with the plaintiff. *Perfect Circle Corporation, supra.* The sufficiency of representation is a question of fact. *Bowen v. Sonnenburg,* (1980) Ind.App., 411 N.E.2d 390. Because of the similarity between T.R. 23 and the concomitant federal rule, we may utilize federal law in resolving any questions which may arise. *Bow-*

*en, supra; State ex rel Harris v. Scott Circuit Court,* (1982) Ind., 437 N.E.2d 952.

A parallel consideration entails an examination of the latitude allowed to the trial court in granting discovery, particularly as it reflects upon Kaufmann's ability to represent the class. First, rulings by the trial court pertaining to discovery are reviewable only for an abuse of discretion. *THQ Venture v. SW, Inc.,* (1983) Ind.App., 444 N.E.2d 335. The trial court has broad discretion in ruling on discovery matters. *Coster v. Coster,* (1983) Ind.App., 452 N.E.2d 397. An abuse of discretion is when the trial court reaches a conclusion against logic and the natural inferences to be drawn therefrom. *Drexel Burnham Lambert, Inc. v. Merchants Inv. Counseling, Inc.,* (1983) Ind.App., 451 N.E.2d 346. The purpose of discovery rules is to allow a liberal discovery procedure. *Front v. Lane,* (1982) Ind.App., 443 N.E.2d 95. Pretrial discovery is available as to any non-privileged matter relevant to the subject matter of the lawsuit or to obtain information reasonably calculated to lead to admissible evidence. T.R. 26(B), *Costanzi v. Ryan,* (1978) 175 Ind.App. 257, 370 N.E.2d 1333.

It is Kaufmann's position that his statements made under oath in his deposition regarding a six figure net worth and that he will reimburse his attorneys for the costs of the litigation should suffice as evidence to satisfy the court as to his ability to handle the financial aspects of the litigation. An example of the authority upon which Kaufmann relies to support his argument is *Kamens v. Horizon Corp.,* (S.D.N.Y.1979), 81 F.R.D. 444.

Under the circumstances of this case, it appears that such assertions standing alone will not sufficiently apprise the court of his ability to fairly and adequately represent the class, particularly when it is remembered that Kaufmann's ability to be the class representative is being questioned and that he has the burden of demonstrating his sufficiency to fulfill that role. *Perfect Circle Corporation, supra.* However, the scope of inquiry as to adequacy to represent the class is not solely limited to the financial status of the plaintiff. Other considerations which the trial court may or may not wish to consider is the extent of Kaufmann's interest and the possibility of antagonistic or conflicting interests. 7 Wright and Miller, Federal Practice and Procedure § 1767 and § 1769 (1972).

We cannot say as a matter of law that the trial court abused his discretion in allowing extensive discovery in determining Kaufmann's adequacy to represent the class.

Kaufmann's next issue finds fault with inquiry into his past history, if any, as a participant in other class actions, especially in light of his deposition answer stating that he had never been found to be an unqualified class representative. It is Kaufmann's position that this answer should suffice. In his brief, Kaufmann suggests that such information would only be relevant if there is something which would disqualify him from being a class representative. Assuming Kaufmann may be a "professional plaintiff" such fact, standing alone, should not disqualify him from representing the class. *Kamens, supra.* However, the inquiry by Credithrift, as in the first issue, does not appear to be limited solely to the frequency with which Kaufmann brings lawsuits. The trial court is within its authority to allow on discovery questions which will be of assistance in determining adequacy of class representation or that such information is reasonably calculated to lead to the discovery of admissible evidence. *Costanzi, supra.* See also: *Elster v. Alexander* (N.D.Ga.1976) 74 F.R.D. 503.

Kaufmann's third and final issue concerns Credithrift asking him to interpret the legal language of the complaint. We have no quarrel with Kaufmann's argument and cited authorities that he should not be charged with possessing the legal expertise of skilled counsel in complex litigation. On the other hand, Credithrift, sooner or later, is entitled to know what facts, perceived or real, were in Kauf-

mann's mind which serve as a basis for bringing the lawsuit. Such facts go directly to the merits of the litigation. If Kaufmann does not know what the facts are, there is nothing to prevent him from saying so. Given the trial court's discretion and the subject matter of the inquiry, we find that no reversible error exists.

Judgment affirmed.

NEAL, P.J., and YOUNG, J. (sitting by designation), concur.