James GENDEN, et al., Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a corporation, Defendant.

No. 85 Civ. 7928 (WCC).

United States District Court, S.D. New York.

Dec. 7, 1988.

Meites, Frackman & Mulder, Chicago, Ill. (Thomas R. Meites, Lynn Sara Frackman, Michael M. Mulder, of counsel), Zavin, Sinnreich & Wasserman, New York City (Richard Wasserman, of counsel), for plaintiffs.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiffs James K. Genden and Alma Koppedraijer ("the Gendens") brought this securities class action against Merrill, Lynch, Pierce, Fenner & Smith ("Merrill Lynch"), alleging that Merrill Lynch failed to disclose that mortgage subsidy bonds contained in Municipal Investment Trust Funds ("MITFs") it marketed were subject to the possibility of special mandatory early redemption. According to the Gendens, Merrill Lynch's non-disclosure violated its obligation under section 11(a) of the Securities Act of 1933 ("the '33 Act"), 15 U.S.C. § 77k(a) (1981), section 10(b) of the Securities Exchange Act of 1934 ("the '34 Act"), 15 U.S.C. § 78j(b) (1981), and Securities and Exchange Commission rule 10b-5, 17 C.F.R. 240.10b-5 (1985), promulgated thereunder. Subject matter jurisdiction was predicated upon section 22 of the '33 Act, 15 U.S.C. § 77v (1981) and section 27 of the '34 Act, 15 U.S.C. § 78aa (1981).

## BACKGROUND

The Gendens, a married couple residing in Illinois, originally filed this action in the Northern District of Illinois on November 17, 1983. They alleged that the prospectus for MITFs they had purchased did not disclose the possibility that public housing bonds in the portfolio might be subjected to early redemption. A number of these bonds were redeemed in 1983 and 1984, precipitating this suit.

Judge Getzendanner certified a class of "original issue purchasers" in the Northern District of Illinois on July 6, 1984. The case was then transferred to another judge within the Northern District of Illinois before being transferred here, where on January 30, 1987, I granted plaintiffs' motion to redefine the class, 114 F.R.D. 48.

On April 8, 1988, the parties agreed to the terms of a settlement, embodied in a stipulation. Under the terms of the settlement, Merrill Lynch agreed to create a fund to pay the claims of class members, attorney's fees, litigation expenses, and costs, by placing $4,000,000 into an interest-bearing account ("the settlement fund"). Appropriate notice of the proposed settlement was mailed to the individual members of the class, and published in both the national and regional editions of the Wall Street Journal. No class member objected to the settlement.

On October 14, 1988, I approved the settlement after considering memoranda submitted by the parties, and holding a hearing in which I determined that the settlement was fair, reasonable and adequate. At that time, I reserved decision with respect to plaintiffs' fee application and the special award application of James K. Genden ("Genden").

I now consider class counsel's application for attorney's fees and expenses, along with the application for a special award to Genden.

## DISCUSSION

### I. Attorney's Fees and Expenses

Plaintiffs' class counsel seek $880,244.25 in fees, approximately 22% of the settlement fund, along with reimbursement of $47,190.02 in expenses. The fees and expenses are to be extracted from the settlement fund.

Analyzing an application for attorney's fees entails the consideration of several factors. These include: (i) the time and labor expended by counsel, (ii) the magnitude and complexity of the litigation, (iii) the risk in litigation, (iv) the quality of the representation, (v) the size of the requested fee in relation to the size of the settlement, and (vi) public policy considerations. *Cranston v. Hardin*, 504 F.2d 566, 578 (2d Cir. 1974); *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 470 (2d Cir.1974); *Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., Inc.*, 481 F.2d 1045, 1050 (2d Cir.1973), *cert. denied sub nom. Patlogan v. Dick-*

*stein, Shapiro & Galligan*, 414 U.S. 1092, 94 S.Ct. 722, 38 L.Ed.2d 549 (1973). Although these factors are useful, they offer no concrete formula for calculating attorney's fees. "Consequently, it is by now a matter of faith that attorneys' fees are a matter left to the reasonable discretion of the trial judge." *Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., Inc.*, 481 F.2d at 1050.

After weighing the relevant factors, I conclude that counsels' fee application is too high. Although counsel are to be commended for bringing this action to resolution short of trial, and conducting themselves with professionalism throughout the pendency of this case, the Court has an obligation to "avoid awarding 'windfall fees' and ... should likewise avoid every appearance of having done so." *City of Detroit v. Grinnell Corporation*, 495 F.2d at 469. "We are mindful of our duty in class actions to award fees with moderation and a jealous regard for the rights of those with an interest in the fund but who are not before the Court." *Burger v. CPC Intern., Inc.*, 76 F.R.D. 183, 188 (S.D.N.Y. 1977).

Counsel have submitted affidavits and other materials detailing the quantity and types of services performed by each of the attorneys. Counsel for the plaintiff class and local counsel have, they aver, devoted 2,941.4 hours to this case over a five year period. Billed at the usual hourly rates of the individual attorneys, the unadjusted "lodestar" fee submitted by counsel is $482,517.25.

Typically, in a case of some complexity, where success is not assured, courts use a multiplier to enhance the lodestar figure. In view of this practice, and counsels' efforts in the instant action, the Court has determined that the appropriate multiplier is 1.3. Multiplying the lodestar figure of $482,517.25 by 1.3 produces a sum of $627,272.43, approximately 15.7% of the $4,000,000 settlement fund. This sum is well within the customary range in cases of this nature. *See Stull v. Baker*, 410 F.Supp. 1326, 1338 (S.D.N.Y.1976) (Conner, J.); *Frankenstein v. McCrory Corporation*, 425 F.Supp. 762, 769 (S.D.N.Y.1977).

To the attorney's fees should be added $47,190.02 in expenses requested by counsel. Counsel are thus entitled to a total of $674,462.45, which includes paralegal fees.

## II. *Award to Plaintiff James K. Genden*

Plaintiff James K. Genden ("Genden") requests that he be awarded $40,170 for his contribution to the action. Genden is an attorney who rendered consultative services in his role as a client during both the investigative and litigation phases of the action.

■ Two members of a class of approximately 11,000 have objected to Genden's request for an award. One asserts that Genden's fee award petition is a conflict of interest. I find that Genden, in his capacity as named plaintiff, represented the members of the class in a fiduciary capacity, and did so fairly and adequately without any collusion. The settlement agreement was never made contingent upon Genden's application for an award. Indeed, both Genden and counsel have submitted affidavits stating that Genden did not inquire into the possibility of his receiving an award until nearly two months after counsel had obtained his consent to the proposed settlement. Genden Aff., Exh. A, ¶ 5; Meites Aff., Exh. B, ¶ 7.

The other primary objection registered by a member of the class is that it was unethical for Genden, a lawyer, to file a class action in which he sought to represent the class and receive payment for his representation. This objection is meritless. It is clear that Genden did not serve in a dual capacity as named plaintiff and class counsel. On the contrary, Genden carefully selected and retained separate class counsel to represent the class. The fact that Genden made use of his legal background in assisting counsel does not transform him from client to class counsel.

Finally, neither of the individual objectors pointed to any unfairness in the settlement, and all members of the class were informed individually that the Court would determine whether any award to Genden was justified.

■ Although it is clear to the Court that Genden played a valuable role for the plaintiff class in this case and should be remunerated for his efforts, he never kept contemporaneous records of the time he spent working on this matter. An attorney should know that a running log of the amount and type of services he performs is crucial in determining the fee to which he is entitled. Because Genden was remiss in this basic task, the Court cannot award him the full sum he requests; it has no documentation substantiating his claim to have devoted "over 206 hours" to the action. However, in light of the fact that Genden's important role in the case has been substantiated by plaintiff's class counsel, the Court awards him $20,085.

## CONCLUSION

For the reasons set forth above, plaintiffs' class counsel shall receive $674,462.45 in attorney's fees and $47,190.02 in expenses. Plaintiff James K. Genden shall receive $20,085. Each of these awards shall be paid from the settlement fund provided for in the settlement agreement executed by the parties and approved by the Court.

SO ORDERED.